UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

In re: )
 )
HERBERT EDWARD HUTCHINS and ) Case No. 12-24579 HRT
DEBORAH BETH MACKALL, ) Chapter 13
 )
Debtors. )
 )

### ORDER

This case comes before the Court on Debtors' *Chapter 13 Plan* dated August 10, 2012 (docket #18) (the "Plan") and Debtors' objection to proof of claim #3-1 filed by JPMorgan Chase Bank, N.A. ("Chase") (see *Order Construing Adversary Complaint As an Objection to Proof of Claim and Dismissing Adversary Complaint*) (docket #40) (the "Objection"). On November 15, 2012, the Court held an evidentiary hearing on confirmation of the Debtors' Plan and on their Objection to Chase's claim. The Court has considered the evidence and the arguments of the parties.

### I. FINDINGS OF FACT

1. On October 4, 2002, the Debtors executed a promissory note (the "Note") in favor of Affiliated Financial Group, Inc., ("Affiliated") in the face amount of $265,000.00; bearing a fixed interest rate of 6.375% per annum; and payable in monthly installments of $1,653.26 over a 30 year term commencing December 1, 2002.

2. At hearing, Chase produced for inspection the original Note.[1] The Court confirmed that it bore the original ink signatures of the Debtors.

---

[1] At argument, the Debtors claimed to have in their possession the original promissory note and argued that the Note produced by Chase must have been electronically generated and could not have been the original. Debtors did not offer their document into evidence. However, that failure is not prejudicial to the Debtors. The Court will take Debtors at their word that they are in actual possession of a note that was executed at the closing of their mortgage loan on October 4, 2002, and the document in the Debtors' possession is an original containing "wet" ink signatures. But assuming those facts to be true does not negate the Court's inspection of the Note produced by Chase at hearing and the Court's confirmation that it contained original signatures. It is fanciful to suggest, absent a stunning error, that a lender would advance funds in excess of a quarter-of-a-million dollars without retaining a fully executed original promissory note. The fact that a duplicate original may have been executed at the same time and retained by the Debtors is unremarkable and immaterial.

ORDER
Case No. 12-24579 HRT

3. The Note contains two indorsements.
   a. The first indorsement is contained on the front side of page 3 of the Note. That indorsement makes the Note payable to the order of Flagstar Bank, FSB, ("Flagstar") without recourse, and it is executed on October 4, 2002, by Alan Schrum, President, of Affiliated.
   b. The second indorsement appears on the reverse side of page 3. It is a "blank indorsement" that does not name a payee and is executed by two officers of Flagstar. The blank indorsement is undated.

4. At the same time Debtors executed the Note, in order to secure their obligation, they also executed and delivered a deed of trust granting Affiliated a lien in their real property located at 3611 South Newport Way, Denver, Colorado (the "Deed of Trust").

5. The Deed of Trust was assigned numerous times:
   a. On October 4, 2002, Affiliated assigned the Deed of Trust to Flagstar.
   b. On June 16, 2003, Flagstar assigned the Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS").
   c. On January 12, 2012, MERS assigned the Deed of Trust to Chase.

6. The Debtors have not tendered a monthly payment on their mortgage obligation since September 8, 2010. The Note is due for the July 1, 2009, payment.

7. The Debtors' Plan specifies that payments to Chase were to begin on September 1, 2012, but Debtors have made no post-petition payments to Chase. As of the hearing date, Debtors are in default on their post-petition obligation to Chase for the three months from September, 2012, through November, 2012.

8. The Debtors' schedules list no creditors other than Chase. The Court's claims register reflects one unsecured claim filed by Jefferson Capital Systems, LLC, in the amount of $352.43. The attached documentation shows that the debt was originated in 1996. These Debtors filed a prior chapter 7 bankruptcy on August 14, 2008, and, after the trustee filed a no asset report, the Debtors received discharges on December 9, 2008. The Court concludes that the Jefferson Capital claim was discharged in the prior bankruptcy and that no valid unsecured claims have been filed in this case.

ORDER
Case No. 12-24579 HRT

## II. DISCUSSION

A. Debtors' Objection to Chase Proof of Claim

The Court assumes good faith[2] on the part of the Debtors in contesting Chase's proof of claim based on their contention that Chase is not the proper party in interest to enforce their obligations under the Note and Deed of Trust. Nonetheless, their legal theories are misguided at best. They would have benefitted from competent legal advice.

The Debtors do not dispute that they executed the Note and Deed of Trust in October of 2002. The crux of the Debtors' argument is that the Note and Deed of Trust have become "bifurcated" and are now unenforceable. Debtors point the Court to the Supreme Court case of *Carpenter v. Logan*, 83 U.S. 271 (1872). The relevant passage from that case is

> The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.

*Id.* at 274.

Much of the old case law emanating from the courts of equity with respect to notes and mortgages has been superceded by the Uniform Commercial Code, *see* COLO. REV. STAT. § 4-1-101 et seq., and by state conveyancing and recording statutes. Nonetheless, the above quote from *Carpenter* is an accurate statement of modern Colorado law. *See Columbus Investments v. Lewis*, 48 P.3d 1222, 1226 (Colo. 2002) (en banc) ("The transfer or assignment of a negotiable promissory note carries with it, as an incident, the deed of trust or mortgage upon real estate or chattels that secure its payment."). It is the Debtors' interpretation that misses the mark.

It is the legal inseparability of the Note and the Deed of Trust that makes nonsense of the Debtors' bifurcation theory. Debtors place great emphasis on the assignments of the Deed of Trust and whether or not MERS was designated as "nominee" for the note holder. But, because the Note and Deed of Trust are legally inseparable, those assignments are immaterial to whether or not Chase, as the holder of the Note, is entitled to enforce the Deed of Trust. *Columbus Investments*, 48 P.3d at 1226 n. 4 ("'It is unnecessary to have any separate document purporting to transfer or assign the mortgage on the real estate, for it will follow the obligation automatically.'") (quoting 1 GRANT S. NELSON & DALE A. WHITMAN, REAL ESTATE FINANCE LAW, 429 (4th ed.2001)). *See, also, Carpenter*, 83 U.S. at 275 ("The transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter.").

---

[2] Confirmation of Debtors' Plan will be denied based on the Court's finding that the Debtors' Plan was filed in bad faith but that is a separate issue.

ORDER
Case No. 12-24579 HRT

Thus, any question of whether and how the Deed of Trust was assigned is a distraction from the only question that matters in this case: Is Chase the party who is entitled to enforce the Note? It is.

The Court has examined the Note presented to it by Chase. It contains original signatures and it contains two indorsements. The first is from the Affiliated to Flagstar. The second is a blank indorsement executed by two officers of Flagstar. Under the Uniform Commercial Code, an indorsement, like the indorsement to Flagstar, is a "special indorsement" when "the indorsement identifies a person to who it makes the instrument payable." COLO. REV. STAT. § 4-3-205(a). Conversely, whenever an indorsement "is not a special indorsement, it is a 'blank indorsement.'" COLO. REV. STAT. § 4-3-205(b). A note that is indorsed in blank becomes payable to bearer; it is payable to whoever has actual possession of the note. *Id. See, also, In re Miller*, 666 F.3d 1255, 1263 (10th Cir. 2012).

The Note in question in this case, because of the blank indorsement, is payable to the bearer. Chase has demonstrated to the Court's satisfaction that it is in actual possession of the Note and is the proper party in interest to enforce it. The Debtors raise no other issues with respect to the proof of claim, therefore, the Court allows proof of claim #3-1 filed by JPMorgan Chase Bank, N.A., as filed in the amount of $300,684.87.

B. Plan Confirmation

The Court combined the Debtors' objection to Chase's claim with the previously scheduled hearing on confirmation of their Plan. At a hearing on plan confirmation, it is the debtor's burden to present evidence that the plan meets the requirements for confirmation listed in 11 U.S.C. § 1325. The Debtors declined to present evidence to satisfy those confirmation requirements and, for that reason alone, their plan is unconfirmable.

Moreover, the Court takes judicial notice of the schedules filed by the Debtors. Debtors' statements, made under oath in those schedules, demonstrate that the Plan cannot be confirmed for lack of feasibility and also support the Trustee's argument that confirmation must be denied because the Debtors' Plan was filed in bad faith.

Debtors' Schedule I and Schedule J show that the Debtors operate on a monthly deficit and that this Plan – or any plan these Debtors might propose – cannot be confirmed for lack of feasibility. Debtors' Schedule I shows a monthly income of $2,266.33 with a note that "Debtors anticipate increasing business income within the next year after they obtain additional contracts."[3] Their expenses listed on Schedule J total $3,785.00. Debtors show a current deficit

---

[3] Owing to its vagueness, this explanation is of no value to the Court in assessing the
(continued...)

ORDER
Case No. 12-24579 HRT

of -$1,518.67. Debtors' Plan is not feasible and confirmation must be denied. 11 U.S.C. § 1325(a)(6).

Trustee also argues that the Court must deny confirmation of Debtors' Plan on the basis that the Plan was proposed in bad faith. The Court agrees. The question of whether a party has acted in bad faith must be decided on a case by case basis after considering a totality of the circumstances. *Flygare v. Boulden*, 709 F.2d 1344, 1347 (10th Cir. 1983). Factors that are relevant to the Court's good faith inquiry are "whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." *In re Cranmer*, 697 F.3d 1314, 1319 n.5 (10th Cir. 2012) (quoting *Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir. 1987)).

The Court does find that Debtors' Plan represents an attempt to unfairly manipulate the Bankruptcy Code. These Debtors have no creditors except for Chase. The Debtors' Plan serves no valid bankruptcy reorganization purpose. Even though the Plan is inconsistent with the Debtors' objection to the Chase claim, it is clear that the Debtors' goal is to have the only claim filed in the case disallowed. The result would be a plan where no creditor receives payment and the Court's only function is to adjudicate a state law based two-party dispute. This is not an instance where disallowance of a claim allows a higher payment to other creditors in the case. Debtors seek a Plan under which they make no payments whatever. The Court finds the Debtors' Plan cannot be confirmed because it was not proposed in good faith as required under 11 U.S.C. § 1325(a)(3).

C. Order to Show Cause

This Order will include an order to show cause why this bankruptcy case should not be dismissed on the basis that the case was filed in bad faith. *See, generally, Marrama v. Citizens Bank*, 549 U.S. 365 (2007).

The evidence and argument that the Court heard at the hearing in this matter goes equally to the bad faith of this case filing as it does to the lack of good faith with respect to the Debtors' proposal of their plan. The issues are not always identical. Debtors with the ability to propose a confirmable plan may have confirmation of a proposed plan denied under § 1325(a)(3) for lack of good faith and then propose an amended plan that represents a good faith effort at financial rehabilitation.

---

[3](...continued)
feasibility of the Debtors making the substantial payments required under Debtors' Plan.

ORDER
Case No. 12-24579 HRT

      This does not appear to be such a case. The Debtors' schedules show that they lack the wherewithal to make any plan payment whatever. Moreover, in all of the proceedings the Court has held in this case, the Debtors' sole focus has been on their misguided theory that a so-called "bifurcation" of the note and mortgage on their home has made the Note unenforceable. The Court has seen no evidence that the Debtors possess any sincere intention to reorganize their financial affairs.

      Because the Court does not currently have a motion to dismiss this case before it, the Debtors will have an opportunity to respond to the Court's show cause order. In the event that Debtors respond and the response raises factual issues that necessitate a hearing, a further proceeding will be scheduled. If there is no response or if the Court finds that it is able to rule without scheduling a hearing for the presentation of evidence, it will rule based on the pleadings.

### III. CONCLUSION

      In accordance with the above discussion, it is

      **ORDERED** that Debtors' objection to proof of claim #3-1 filed by JPMorgan Chase Bank, N.A. (see *Order Construing Adversary Complaint As an Objection to Proof of Claim and Dismissing Adversary Complaint*) (docket #40) is DENIED. It is further

      **ORDERED** that confirmation of Debtors' *Chapter 13 Plan* dated August 10, 2012 (docket #18) is DENIED. It is further

      **ORDERED** that Debtors are hereby directed to SHOW CAUSE, in writing, no later than December 14, 2012, why this case should not be DISMISSED as a bad faith filing. Failing which this case will be dismissed without further proceedings.

      Dated this __27th__ day of November, 2012.

                                          **BY THE COURT:**

                                          *Howard Tallman*
                                          Howard R. Tallman, Chief Judge
                                          United States Bankruptcy Court